UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MATTHEW AYERSMAN,<br><br>                          Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>                          Defendant. | Case No.: 17-cv-1121-WQH-JMA<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Plaintiff's counsel, Cyrus Safa. (ECF No. 24).

**I.   BACKGROUND**

    On October 29, 2015, Plaintiff Jonathan Matthew Ayersman filed an application for disability insurance benefits, alleging disability beginning September 30, 2014. (Administrative Record ("AR") 166). Plaintiff's application was denied at the initial level and on reconsideration. (AR 104-08, 110-15). On October 13, 2016, a hearing was held before an administrative law judge ("ALJ"). (AR 42). On November 17, 2016, the ALJ issued a written decision finding Plaintiff not disabled. (AR 23-41). On April 5, 2017, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the

final decision of the Commissioner of the Social Security Administration ("Commissioner"). (AR 1-4).

On June 2, 2017, Plaintiff filed a Complaint against the Commissioner, seeking review of the Commissioner's final decision. (ECF No. 1). On February 2, 2018, the parties filed a Joint Motion for Voluntary Remand and Entry of Judgment. (ECF No. 18). On February 7, 2018, the Court issued an Order remanding the case to the Commissioner for further proceedings. (ECF No. 19).

On April 16, 2020, the Commissioner issued a fully favorable decision to Plaintiff. (ECF No. 24-2 at 1). On October 9, 2020, the Commissioner sent Plaintiff a Notice of Award, notifying Plaintiff that Plaintiff is owed past-due disability benefits in the amount of $65,191.85[1] for August 2015 through August 2020, monthly benefits in the amount of $1,162.40 for the month of September 2020, and monthly benefits in the amount of $1,307.00 beginning October 2020. (ECF No. 24-3 at 1-2).

On November 18, 2020, Plaintiff's counsel, Cyrus Safa ("Counsel"), filed a Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 24). Counsel moves for approval of attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $10,000.00 for work in the district court. Counsel asserts that the requested fee is 12% of Plaintiff's past-due benefits—less than the 25% of Plaintiff's past-due benefits agreed upon in the retainer agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing. Attached to the Motion is a Declaration by Counsel, a copy of the retainer agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing, a chart listing the hours worked by Counsel in this case, Counsel's resume, copies of the Commissioner's Notice of Decision and Notice of Award, portions of the United States Consumer Law Attorney Fee Survey Report 2017-18, and a Proof of Service indicating that Plaintiff was served with a copy of the Motion.

---

[1] $65,191.85 constitutes total past-due benefits of $84,987.60 – $19,795.75 withheld from the past-due benefits for attorney fees. (*See* ECF No. 24-3 at 3).

On November 19, 2020, the Commissioner filed a Response to the Motion for Attorney Fees, providing "an analysis of the fee request and tak[ing] no position on the reasonableness of the request." (ECF No. 25 at 4).

The record reflects that Plaintiff did not file a response to the Motion for Attorney Fees.

## II. DISCUSSION

Attorneys are entitled to fees for cases in which they successfully represent social security claimants. 42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

An award under § 406(b) "allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while [an Equal Access to Justice Act] award is paid by the government to the claimant to defray the cost of legal services." *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. The Supreme Court has established five factors that may be relevant in considering whether a fee award under a contingency fee arrangement is reasonable: 1) "the character of the representation;" 2) the "results the [attorney] achieved;" 3) "[i]f the

attorney was responsible for delay;" and 4) "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *See id.* at 808.

On January 17, 2017, Plaintiff and the Law Offices of Lawrence D. Rohlfing entered into a contingency fee agreement that provided, "If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court**." (ECF No. 24-1 at 1). On remand after judicial review by this Court, Counsel procured a favorable decision for Plaintiff. (*See* ECF No. 24-3 at 1, 3 (total past-due benefit award of $84,987.60 ($65,191.85 owed + $19,795.75 withheld for attorneys' fees))). A billing summary submitted by Counsel shows that the Law Offices of Lawrence D. Rohlfing expended 9.9 hours of attorney time and 2.8 hours of paralegal time on the district court case. (ECF No. 24-4 at 1). Counsel's requested award of $10,000.00 represents approximately 12% of the total past-due benefit award award and an effective hourly rate of $787.40.

The Court has considered the *Gisbrecht* factors as they relate to this case. There is no evidence in the record suggesting that Counsel overreached or unreasonably delayed this litigation. Counsel has been practicing social security law since 2012. Counsel's efforts on Plaintiff's behalf were ultimately successful. Although the average hourly rate of $787.40 is greater than the average rates for similar attorneys at other California-region firms (*see* ECF No. 24-6), the requested award is only 12% of the total backpay award— less than half of the 25% agreed to in the contingency fee agreement. Further, "'[t]he courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss' . . . . Courts are loathe to penalize experienced counsel for efficient representation under contingency agreements, particularly in the social security context." *Sproul v. Astrue*, No. 11-cv-1000-IEG, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (quoting *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)) (approving a 25% fee award, representing an effective hourly rate of $794.63); *see*

*Martinez v. Berryhill*, No. 13-cv-272-JLS (JLB), 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (approving effective hourly rate of $886.52 for counsel with sixteen years' experience and noting that "[w]hile such an hourly rate is on the higher end charged for social security appeals, the Court nonetheless concludes that the fee is reasonable in the present case"); *Richardson v. Colvin*, No. 15-cv-1456-MMA (BLM), 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving effective hourly rate of $770); *Nash v. Colvin*, No. 12-cv-2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (approving effective hourly rate of $656). After consideration of the *Gisbrecht* factors, and based on the quality of Counsel's representation and the results achieved in this case, the Court concludes that the fees sought pursuant to § 406(b) are reasonable.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 24) is granted. The Commissioner is directed to certify the fee of $10,000.00 payable to the Law Offices of Lawrence D. Rohlfing.

Dated: January 4, 2021

Hon. William Q. Hayes
United States District Court